## CIRCUIT COURT OF SURRY COUNTY

Lafoon

    v.

Bailey et al.

June 22, 1988

Case No. (Chancery) C86-6

By JUDGE W. PARK LEMMOND, JR.

I have finally completed a review of all the evidence in this matter. The matter came on initially on a bill of complaint to remove the co-executors, Charles Bailey and Camille B. Donaldson, and to disallow any executors' fees due to their failure to perform their duties as executors. By agreement of counsel, the matter went to trial on these issues and the issue of the amount due Mrs. Lafoon under the will. The fact that she was due an amount was uncontested; only the amount was an issue.

Mrs. Lafoon proved that "net rent" as used in the will, and as intended by the testator, meant the proceeds left from deducting the cost of actual crop production from the amounts received from producing the crops and other directly related sources. This evidence was uncontested, as was the evidence that nothing had ever been paid directly to Mrs. Lafoon under the will. It was also clear from the evidence produced by both parties that Mrs. Lafoon never agreed to or acquiesced in payments to others for her alleged benefit in lieu of payments under Article Two of the subject will.

Mrs. Lafoon was, of course, the life tenant, and the defendants were the remaindermen of this subject

dwelling house and six acres. Courts have diligently protected the rights of life tenants that they may enjoy full benefits intended to them; life tenants are not required to permit income due to them to be used to enrich remaindermen. As co-executors, the defendants held in trust one-half of the "net rent" after the payment of taxes on the testator's property, for the benefit of Mrs. Lafoon. Payments under this provision should have been made directly to the beneficiary, since there was no other provision for distribution in the will, and, as stated, Mrs. Lafoon did not agree to any different dispositive scheme. A trustee must make such payments to the person entitled thereto and is not relieved of liability by payment to others. Where, as here, the will [gives] income to one for life and the corpus in remainder to others, a presumption exists, in the absence of a clear indication to the contrary, that the testator intended that the life tenant should receive, as far as possible, a regular, reasonably constant, and normal income. The evidence is uncontradicted that this indeed was the intent of the testator, and the co-executors were under a duty to pay to Mrs. Lafoon the income in accordance with the terms of the will.

In determining the amount due under the will, the Court finds that Mrs. Lafoon is not due any income for 1983 or, of course, any years prior thereto. She is entitled to one-half net rent after taxes for the years 1984 to current. In the case at bar, this involves the years 1984, 1985, and 1986. The income from the farm operation for these three years is uncontested in the amounts of:

| | |
|---|---|
| 1984: | $30,007.87 |
| 1985: | $35,759.56 |
| 1986: | $23,032.59 |

It is next necessary to determine what expenses are properly deductible from the farm income to reach the "net rent" figure for each year. Clearly, fertilizer and seed are proper expenses, and their amounts are uncontested for the subject three years:

*Fertilizer:*

| | |
|---|---|
| 1984: | $12,164.04 |
| 1985: | $15,437.58 |
| 1986: | $ 9,388.69 |

*Seed:*

| | |
|---|---|
| 1984: | $ 4,624.25 |
| 1985: | $ 3,837.49 |
| 1986: | $ 3,671.41 |

Although more questionable than fertilizer and seed, the evidence was sufficient to show that the expenses claimed for insurance were for crop insurance and thus properly deducted from gross income. These amounts were:

| | |
|---|---|
| 1984: | $ 865.56 |
| 1985: | $ 189.00 |
| 1986: | $ 279.00 |

With regard to the taxes claimed, the defendants' evidence was clearly impeached when the testimony was that they had not included taxes on the home, and the tax receipts introduced by Mrs. Lafoon clearly proved otherwise. In any event, however, the Court finds that Article Two of the will called for a payment of *all* taxes on *all* of the testator's property before arriving at "net rent" and hence all taxes claimed were properly deductible. They were:

| | |
|---|---|
| 1984: | $ 1,373.97 |
| 1985: | $ 1,409.20 |
| 1986: | $ 1,338.40 |

The Court finds that these were the only expenditures that were properly deductible from gross farm income in arriving at "net rent" for which there was satisfactory evidence.

The defendants claim interest paid to the Wakefield Farm Service; however, the evidence was insufficient to link these large amounts of interest directly to the farm

operation, nor were the proceeds from any loans shown as income.

The claim against farm income for interest paid on long-standing loans to The Bank of Sussex and Surry were proven clearly not within the intent of the testator nor the definition of "net rent" and are disallowed as deductions from gross farm income.

The Court finds that the ruling above results in net rent as follows:

| | |
|---|---|
| 1984: | $10,989.05 |
| 1985: | $14,886.29 |
| 1986: | $ 8,355.09 |

The total for the three years is $34,230.43, which divided by 2 equals $17,115.23 (the other half going, of course, to Mr. Lowe).

The Court grants judgment to Mrs. Lafoon against the defendants in this amount.

Apparently, upon the advice of former counsel, the defendants sought to pay on behalf of Mrs. Lafoon certain expenses in lieu of paying her under the provision of the will. As stated, this was not proper. However, Mrs. Lafoon readily admits that she has not paid for any utilities, fuel oil, firewood, repairs done to the home, nor for cleaning supplies. There is a conflict in the evidence as to what proportions the parties paid for the food consumed in the home. It is likewise uncontested, however, that the defendants and their children have never paid any rent to Mrs. Lafoon since moving into the home shortly after the testator's death.

Although the Court would like to settle these matters at this time, there is insufficient evidence upon which to base a decision on these collateral issues and, thus, the Court must leave the parties to other remedies to settle these differences. The Court does believe, however, that the claims and counterclaims here are certainly susceptible to an out-of-court settlement.

It would be inappropriate if the Court did not note in passing that the evidence of the co-executors, defendants herein, was often conflicting and at times directly impeached. Their explanations for failing to perform their fiduciary duties were entirely unsatisfactory, as were

their explanations for failing to pay Mrs. Lafoon under Article Two of the will.

It is the Court's decision that the defendants be removed as co-executors and receive no compensation for same, and I would ask that counsel for the parties determine from them the name or names of a satisfactory person or persons to serve in their stead.